Good morning, ladies and gentlemen. We understand that counsel are ready to proceed with their argument this morning and so we will hear the case. I would like to announce that Judge Gould is unable to be with us in the courtroom this morning and he will review the tapes and the argument before participating in the decision. And so we ask the counsel not to feel pressed to use the entire time that is allotted because you have quite a bit more than may be necessary to argue this particular case. And we have a full week. So with that, the counsel for appellant may proceed. Thank you. And may it please the Court, good morning. My name is Tracy Staub and I'm here from the Federal Defenders of Eastern Washington and Idaho on behalf of my client, Luis Emilio Gonzalez. Before I forget, I would like to reserve a couple of minutes for rebuttal, probably five minutes, but I don't believe I'll be using my full, fully allotted time, so I'll watch my time on that. Thank you. There are two issues before the en banc panel for decision. The three-judge panel did not issue an opinion before this case was brought up before this panel, so both issues are before the Court. The first issue is whether the district court erred in finding that Mr. Gonzalez's possession of a firearm was connected to another felony for purposes of applying a four-level enhancement to his criminal history or a four-level offense enhancement under 2K2.1, what was then B-5, what is now B-6. The second issue is whether the district court incorrectly calculated Mr. Gonzalez's criminal history score by adding one point for a prior misdemeanor conviction of third degree, driving while licensed, suspended, when the entire sentence on that prior conviction, the entire 30-day sentence, was suspended. I think the Court is more interested in the second issue. I understand, Your Honor. It may be helpful for this Court just to get a little bit of background on this. Both of the objections that are before this Court were raised below at the district court. This is a rather old case. It was originally filed in the beginning of 2004, and Mr. Gonzalez was sentenced in December of 2003. In November of 2006, when the three-judge panel asked the parties to submit briefs on whether the issue should be reheard and the government submitted a brief acknowledging that Williams was wrongly decided, we moved at the district court to have Mr. Gonzalez released pending appeal, and the court granted that motion. So in December of 2006, Mr. Gonzalez was released. He is now on supervision. However, he's subject to resentencing based upon this Court's decision. I would note that under his original sentence, he was scheduled to be released to a halfway house in December, and then his projected release date from total confinement of the original sentence was May of 2007. So he had almost served his entire original sentence, but for seven months under the original sentence. If this Court overrules Williams and sends this case back for resentencing, he will most likely receive a sentence for time served and continue on supervision. But with the firearms offense, I assume we're not going to reach it, but it wouldn't make any difference anyway, would it? Your Honor, honestly, I don't believe it would. And technically, it's not moot because now under Booker, the judge has a lot of discretion. But even if the Court sustains that objection, as I mentioned, and this case, and overrules Williams, if this case goes back, he'll still get credit for time served and stay on supervision. So if the Court would like me to address the firearms enhancement, I'm prepared to do that, but I understand that the Court is probably much more interested in the Williams objection. So I will move to that unless the Court requests otherwise. Before the panel sat down, I had the clerk distribute the relevant portions of the guidelines, which is 4A1.2. It helps to go through the analysis when you have the guidelines in front of you. As I mentioned before, Mr. Gonzalez's guideline range was increased. The bottom level guideline range was increased by 11 months based upon a prior conviction for misdemeanor driving while license suspended, and the entire sentence was suspended. The defendant and now the government agree that this conviction should not be counted toward Mr. Gonzalez's criminal history score. Yet under U.S. v. Williams, which is a 2002 case, it is counted. Is the government's position and your position exactly the same as far as Williams is concerned? Yes. I think our analysis is a little bit different. I think the government indicated that Hernandez-Hernandez didn't change anything. I think that Hernandez-Hernandez didn't quite go far enough, and the terminology is being thrown around a little bit loosely, and I think it needs to be tightened up for clarification. The same thing. Why should we read those two phrases to mean the same thing when one is a defined term and one isn't? Well, under 4A1.2, well, sentence of imprisonment is defined under B, and under C, it indicates that sentences for prior offenses by whatever name are counted only if the sentence was a term of probation or a term of imprisonment. So under 4A1.2C1A, the phrase term of imprisonment is used as opposed to sentence of imprisonment, but it may have just been a grammatical reason for doing that. If sentence of imprisonment had been used, the guideline would read sentences for the following offenses are not counted if the sentence of imprisonment was at least 30 days. So there's no statutory or regulatory reason. You're thinking it's just a stylistic? I do, Your Honor. And honestly, if you read through and give effect to the total guideline, there's no reason to read term of imprisonment any different than sentence of imprisonment. Other than it's using different words. It's not using the defined term. I understand. Yes, that's true. Counsel, is the phrase term of imprisonment or term of probation, are they used any place else, either in the guidelines or elsewhere in the code? Well, term of imprisonment, I don't know, honestly, if they're used technically in other words. I do know that recently this Court, through Judge Bivey, in United States v. Alvarez-Hernandez, discussed sentence imposed, which is used under 2L1.2b, and that term under the guidelines was recently amended to provide that a sentence imposed means the same thing as a sentence of imprisonment under 4A1.2. So, and in Alvarez-Hernandez's case, the Court ultimately concluded that an entirely suspended sentence does not count as a sentence of imprisonment. Therefore, it doesn't count as a sentence imposed. But the main phrase is not at issue here. So it could mean something different here. Is that right? Yes, it could. But we have no reason to believe that it does. Other than the fact that we've used a different phrase. Other than the fact that we've used a different phrase. Thank you. I suppose one could say one didn't really use a different phrase. That what you have here is essentially a bunch of dot-dots. I mean, the sentence was a term of probation was either a sentence of probation or a sentence of imprisonment. And the term is simply a clarifying, as you say, grammatical notion. But it's the of imprisonment that's important. And then sentence of imprisonment is in the sentence. Yes, Your Honor, it is. And that's why I think that the term was only meant to further clarify sentence. The sentence of imprisonment is what we're concerned with. But whether the term of that sentence of imprisonment was at least 30 days. And the application notes, well, Hernandez, Hernandez, let me go back here a little bit. Williams indicated that a totally suspended sentence constitutes a prior sentence under 4A1.23, A3. And that is correct. It does constitute a prior sentence. And under 4A1.1c, prior sentences are counted. And that's how far Williams went. Williams didn't consider whether a prior sentence may nonetheless be excluded. And that is under 4A1.2c. So, unfortunately, under Williams, anything that constitutes a prior sentence is counted regardless of the sentence imposed. And that could include a sentence for hitchhiking, which I don't think anybody claims would be counted. Instead, the issue is whether a prior sentence also qualifies as a sentence of imprisonment for at least 30 days, which we've talked about. Excuse me. Doesn't hitchhiking, it says, by whatever name they are known, are never counted? That's correct, Your Honor. But if a sentence were imposed for that, I'm trying to figure out who was asking that question. Sorry. But if a sentence were imposed for a hitchhiking misdemeanor, if misdemeanor were qualified as a misdemeanor, if hitchhiking were qualified as a misdemeanor and a sentence was imposed following a finding of guilt, it would constitute a prior sentence. Wouldn't that be inconsistent, though, with C2? Yes, it would be. And that's under Williams. Williams said if a prior conviction constitutes a prior sentence, it's counted. End of analysis. But it didn't expressly consider C. No, it did not. And that's why Williams is wrong. Now, Hernandez-Hernandez went a little bit further and said, well, we're going to distinguish between a partially suspended sentence and a fully suspended sentence, and that's under B2, 4A1.2B2. And truthfully, that says if part of a sentence is suspended, then the sentence of imprisonment refers only to the portion that was not suspended. And it doesn't talk about fully suspended sentences. And in Hernandez, the Court said the sentence imposed in Hernandez, the defendant received a 90-day sentence with 87 days suspended. And the Court said that the sentence imposed for his prior conviction for threats to do harm does not count as a prior sentence because his sentence was only for three days. In truth, this three-day sentence did count as a prior sentence because any sentence counts as a prior sentence. The question is whether it's nonetheless excluded under 4A1.2C. Since the draftspersonship of this is at best, shall I say, not exact, is it your contention, or I will talk to the government when the government gets to the podium, is it your contention that at the very least this is ambiguous and that the rule of lenity should apply? Are you talking about the difference between term of imprisonment and sentence of imprisonment? The way these words are being used is not clear. And because it's not clear, does it come within the rule of lenity where it should be construed in favor of a lighter sentence for the defendant? I think that, honestly, the guidelines seem to be pretty clear. The only ambiguity tends to be whether term of imprisonment means the same as sentence of imprisonment. But there's an ambiguity there. There is. You know, I hope there are not a lot of law students listening to these arguments. They might be discouraged from going to law school and trying to save the world. There is some ambiguity. There is an ambiguity. It's all the rule of lenity ought to apply. It is, Your Honor, because realistically, there's no other way for this Court to determine whether the two mean the same. And it appears from the context of the guideline that they do appear to be the same. And the rule of lenity is pretty much a fallback. If we can't decide any other way, then tie goes to the defendant. And in addition to that, we don't construe a statute to lead to absurd results. Exactly. And that if you combine Williamson and Hernandez-Hernandez, that's what you get. That's exactly true, Your Honor. And if we read, this is how we would suggest that they be read. Any sentence under the guidelines constitutes a prior sentence. And that's what 4A1.2c says, pretty much. Any sentence or A1. The term prior sentence means any sentence previously imposed upon an adjudication of guilt. So any sentence constitutes a prior sentence. Including a fine. Including a fine. Any sentence imposed qualifies. But under 4A1.2c1a, a prior sentence for certain enumerated offenses is only counted if the sentence of imprisonment was at least 30 days or the term of probation was at least one year. So if a sentence was partially suspended, we only count the nonsuspended portion. And if it was totally suspended, it wasn't a sentence of imprisonment at all. So some, everything counts as a prior sentence. But some prior sentences are excluded. Perhaps you could clarify that by referencing the statute where it says that all felony sentences are counted, that they make a distinction for misdemeanor sentences. They do that, Your Honor. And I believe, if I'm not mistaken, that that is in 4A1.1. Right, where certain misdemeanors are going to be excluded unless you serve more, actually serve more than 30 days. Right. And also I would indicate that the background notes on 4A1.2 also support that. And I believe that's in the exhibit that I provided with the Court on the very last page. It says prior sentences, not otherwise excluded, are to be counted. So, again, everything constitutes a prior sentence. The question is just whether they're excluded or not counted. Going back to 4A1.1 for a moment, one of the things I wasn't sure I understood, and maybe you can walk through this. The 4A1.1a and b both use the term prior sentence of imprisonment, which is defined as only the time actually served. And then c uses prior sentence, suggesting that it would include, as prior sentence isn't defined as limiting to time served, and so it would be a catch-all. If you were sentenced under a and b for a term of imprisonment exceeding one year, for example, but then only served six months, then you would go down to c, it seems, and it would be caught in that catch-all. And that's confirmed by this 4A1.2a3, which indicates that even if the sentence was totally suspended, it would be counted as a prior sentence for c. So then I don't understand why, when we look at which sentences are counted and excluded, we don't continue that analysis, which is that suspension of a sentence is not relevant for sentences counted under 4A1.1c. Maybe, can you comment on that? Well, if I understand you correctly, and an example may help, and I'm not sure if I'm answering your question, so please let me know. But if a defendant has a prior misdemeanor conviction for assault, but receives a totally suspended sentence, a 30-day sentence entirely suspended, that would constitute a prior sentence. And so it would be captured in c as a prior point. Right. And because it's not excluded under 4A1.2c1a, it still is counted, even though it's a totally suspended sentence. What the guidelines have done here is they have said certain very serious misdemeanors are always counted regardless of their sentence, even if it's totally suspended. And these would include anything that's not enumerated in 1.2. But they're not counted as sentences of imprisonment under a and b because of the definition, but they are counted in c as a prior sentence. Right. So the only time we worry about a sentence of imprisonment is whether it's an enumerated offense. So even when we go down to c, even though they don't use that term, you would read in the requirement that it can't be suspended, even though c seems to be pointed at sentences that are suspended and capturing those criminal history points. I don't understand your question. I'm sorry. C seems to be the catch-all for anything that was suspended. And I guess I'm not understanding why for a 1.2c, we should read in a requirement that it can't be suspended. I don't think that c would necessarily be a catch-all. I think c only applies if the prior conviction was one of these enumerated offenses. And if it is one of these enumerated, then we determine what the term of imprisonment was. If it's not an enumerated, we don't even worry about c. It would be counted under a 3, because it would be a prior sentence. Now, if it's a hitchhiking or a loitering conviction, it would still constitute a prior sentence. But under c2, it's never counted, even if the person received a 90-day sentence. There's express directions that it's never counted. Right, right. So, again, you have certain misdemeanors that the guidelines consider to be very serious, and those are always counted, regardless if their sentence is entirely suspended. DUIs, assaults, you know, anything, theft, those are always counted. And then you have a middle class of misdemeanors that are counted only if the state court thought that they were serious enough to sustain a sentence of 30 days or more, or a term of probation of one year or more. And then you have this low-level class of misdemeanors, like loitering and hitchhiking, that the guidelines said were never going to count. So there's these three levels. Unfortunately, with Hernandez, Hernandez, and Williams, what we've got right now is an absurd result, as Judge Wardlaw points out. We have sentences that are entirely suspended being counted, but if you're fortunate enough to get one day in jail, you get zero points. And in Mr. Gonzalez's case, that added 11 months to his guideline range. Shouldn't this actually bring in a policy consideration? When a judge suspends a sentence, presumably he or she is making a determination that the defendant is less likely to be a recidivist or a danger. Aren't we penalizing the very people that we're trying to encourage not to be recidivists if we interpret it in the Williams fashion? Yes, we are, Your Honor, and I believe that's the problem. I know that the district courts below have expressed their frustration with the Williams decision. The government now agrees with us. And so Williams was a large decision, and this portion of it was a very small portion kind of on the tail end of it, and it's this small section that just needs to be overturned so that the purpose and the policy behind the guidelines is promoted through a construction. I have just a little procedural question stemming from the fact I was on the original panel. You originally asked for a limited amyline remand for resentencing. Are we still in that posture? Well, Your Honor, I think that what happened is briefs were submitted in this case prior to Booker being decided and then after Booker was decided, Mr. Gonzalez's former counsel submitted a Rule 28 letter citing Booker. This is a sentence under the guidelines. If the court overturns Williams and remands this for resentencing, I think that takes care of the amyline issue altogether, and we don't need to do that. If it does not, then I think that we need to consider whether an amyline needs to be done in any event. If there's no more questions. An amyline would only be done if you requested it. So are you requesting it in that circumstance? I am if Williams is not overturned. Thank you. Thank you. You have about eight minutes for rebuttal. Good morning. May it please the Court. I'm Elizabeth Olsen from the Department of Justice Criminal Division here today representing the United States. The government agrees that the Williams analysis with respect to these totally suspended sentences in the trivial misdemeanors listed in 4A1.2C is incorrect. So why did the government take that position in Williams? Well, you know, I went back and tried to figure that out, Your Honor, and I'm not sure. I actually looked at the government's brief in Williams, and as opposing counsel mentioned, it was a very large case. There were numerous claims challenging both the conviction and several claims challenging the sentence. The particular conviction in Williams on this piece of it was a prior conviction for criminal mischief. Yes. And the defendant was arguing that criminal mischief was similar to disorderly conduct, so it fell within this trivial misdemeanor category, and since he got a suspended sentence, it shouldn't have been counted. And the government's argument on that was, first of all, that criminal mischief is not like disorderly conduct. It's a much more serious offense. But then the government specifically argued in Williams that suspended sentences counted, citing the 11th Circuit case of Hernandez. Exactly. And that – and unfortunately, as a secondary argument, we said even if it did count as one of these minor misdemeanors, he got 60 days, and it doesn't matter that that was suspended. And quite simply, I mean, I'm here to confess that we were wrong in that argument. So what are you doing in the 11th Circuit? Well, actually, that's the one thing I haven't done yet. As soon as – after we got the Solicitor General's authorization to agree to the en banc and to recommend that Williams be overturned, we did send out a guidance to all the U.S. Attorney's offices in the 9th Circuit, advising them that we were going to be taking this position in front of this court and suggesting that they not seek a point under Williams until this court has had an opportunity to decide that. The other thing that I did was talk to the criminal division, sort of our point person with the commission staff. The Sentencing Commission is actually having a hearing in Washington, D.C., today, and we've got someone who was scheduled to testify, and he is going to bring this issue up to the court with our recommendation that they clarify that, with respect to this guideline, term of imprisonment and sentence of imprisonment mean the same thing. I realized, actually, as I was flying out here, that the one thing left to do is to send that guidance out to the U.S. Attorney's offices in the 11th Circuit, and we haven't done that, but I will see to that. You are representing that that will be done? Yes. So that you are representing to us today on behalf of the Department of Justice that the position that you are asserting here today is the position of the United States in every circuit? Yes, it is. Yes, it is. And it's only, as far as I know, the 11th Circuit is the only other circuit that has taken this view, and I did actually, you know, shepherdize or keysight the Hernandez decision, and I wasn't able to find more recent cases sort of applying or, you know, ruling on that. So I don't know that that's an issue so much in the 11th Circuit, although we will make that clear. Even in the 9th Circuit, it seems like the cases that have applied, Williams, sort of overwhelmingly seem to be in the Eastern District of Washington, and so I don't know what the other district courts in the 9th Circuit are doing, but we did send out that guidance to all of the U.S. Attorney's offices in the 9th. The one thing that I do want to clarify, though, because what we're talking about here is a completely suspended sentence for one of these trivial misdemeanors that is not similar to the offense for which Mr. Gonzalez was currently being sentenced. There are three other ways in which a misdemeanor, even if it's suspended, can be counted, and one is, as opposing counsel mentioned, if it doesn't qualify as one of these trivial misdemeanors. So a 10-day suspended sentence for assault would get a criminal history point because it doesn't fall within this class of sort of trivial misdemeanors, and that was the government's first argument in the Williams case, that criminal mischief is a more serious offense. And as far as I know, the 9th Circuit hasn't ruled on that. The 8th Circuit and the 2nd Circuit have both said that criminal mischief is not one of these trivial misdemeanors, that it's more serious. The second case is if the defendant got a year of probation. If the imposition of sentence was stayed or if there was a sentence that was suspended, but along with that the defendant got a year's probation, then it would count. And the third category is if the prior offense is similar to the instant offense. So a defendant who is being, who is currently being sentenced for phishing without a license, you know, any prior convictions that they have for phishing without a license, regardless of whether the length of the sentence or whether it was suspended, that would count. And that was the case in the 11th Circuit case in Hernandez. There were two, there were two prior convictions that were at issue. And the first one where they went through and actually did the analysis, it was a prior conviction for bank account fraud. The defendant was currently being sentenced for bankruptcy fraud. And so the 11th Circuit said that because that's similar to the instant offense, we're going to count it, and it doesn't matter that it's suspended. And then they went on to say, and he's got this other one for driving with a suspended license, but as we already explained, it doesn't matter that the sentence was suspended. Without going through that, the analysis of 4A. All of this explains why the structure makes sense, that is, that prior sentence and the fact that prior sentences are not counted even when they're suspended is not a null class. It's actually a rather significant class. Yes, yes. But these prior, the suspended sentences, I mean, what the first point that Williams actually, you know, got right is that even a suspended sentence is a prior sentence. I mean, there is no question that a totally suspended sentence counts as a prior sentence. But what 4A.1.2 goes on to say is that some prior sentences are taken into account in calculating criminal history and some prior sentences aren't. And with these trivial misdemeanors, I say trivial misdemeanors, sort of the less serious misdemeanors, they only count when in the particular facts of the defendant's conviction were serious enough that the court that was sentencing them thought they needed to go to jail for 30 days or thought they needed to be on probation for a year. So as to those, but a ‑‑ I guess there's also a fourth class, which are sentences in which between 30, in which they were actually in prison for between 30 and 60 days, but are minor misdemeanors. Yes, yes. That would be true. If they got more than 30, anything more than 30 days and less than 60. I think one point, and I believe Your Honor mentioned, the difference in 4A.1.1, which gives three points for a felony that you got more than 13 months in jail, two points for a sentence of imprisonment of 60 days or more. And then there is this sort of catch‑all, one point for every other prior sentence. Whether or not totally suspended. Whether or not. As long as it's less than 60 days, which could mean, you know, from 60 days down to zero. Is this an interpretation that you're now giving based on a policy judgment as to which types of crimes merit a point or not? Or is there a reason that you want to interpret term of imprisonment to mean the same as sentence of imprisonment? Does it have some precedence in other parts of the guidelines? No, really, this came about once the panel heard this argument and requested our views on whether the case should be heard in bank. The U.S. Attorney's Office turned that case over to us at Criminal Appellate. And we looked at this. And once you've got, you know, once you see Hernandez-Hernandez and Williams together, you have an absurd result. I mean, a person convicted of disorderly conduct, if they didn't have to go to jail at all, they get a point. If they went to jail for 29 days, they don't get a point. Well, that only says the two cases are inconsistent. It doesn't say which case is correct in its interpretation. Right. Well, and in our view, the point, if you read, you know, if you read the whole 4A1.2 as a whole, and in particular 4A1.2c, the sense, you know, the purpose seems to be that the more serious misdemeanors should count, the less serious misdemeanors shouldn't. And so it's just sort of backwards. You know, it's backwards that the defendant whose prior conviction was sufficiently serious that they went to jail for 25 days should be treated less harshly than the person whose prior sentence was sufficiently trivial that they weren't sentenced. And even technically speaking, term of imprisonment is not defined. But prior sentence is defined. Sentence of imprisonment is defined. There's no reason to think a term of imprisonment means prior sentence, because if it means, close to anything, it's close to sentence of imprisonment, not to prior sentence. Yes. And that's exactly true. Now, I will, you know, I can tell the Court that that is the point that the criminal division is making to the Sentencing Commission this morning in this hearing. Our suggestion is that they either just change that phrase, term of imprisonment, to sentence of imprisonment, which does lead to this kind of curious language where the sentence counts if the sentence is a sentence of imprisonment, which maybe could very well be the reason why they didn't use that. Counsel, did the department consider whether the phrase term of imprisonment is defined elsewhere in the U.S. Code? No, we did not. I'll tell you what I did do is I looked through the Guidelines book as a whole and looked at where, you know, in the Guidelines manual, where they use sentence of imprisonment, where they use term of imprisonment. And I actually, and I did speak with Jonathan Wroblewski as the criminal division liaison to the commission staff. And what I noticed in looking through the book as a whole is they tend to use the term term of imprisonment when they're talking about when they use the phrase a minimum term of imprisonment or a maximum term of imprisonment. But then I went through and looked at there are about eight or nine places in the Guidelines book where the phrase term of imprisonment and sentence of imprisonment are used in the same paragraph. And were they used interchangeably? In those cases. And the one that I would point you to is there's an application note to 4A1.2. It's application note 11 that talks about what to do when a person gets a sentence of imprisonment and then they're on supervised release and their supervised release gets revoked and they get an additional imprisonment on the revocation of supervision. And what they say is rather than just counting the, rather than counting the original sentence of imprisonment separate from the sentence, you should just add it to the original term of imprisonment. So they use the phrase term of imprisonment and sentence of imprisonment in an application note to this very Guideline in a way that's clear that they're using them interchangeably and are synonymous. Now, in other places in the Guidelines book, you know, maybe there might be other places where they're making some sort of subtle distinction because, as I said, you know, they generally use the phrase term of imprisonment when they're talking about minimum terms and maximum terms. Does the phrase term of probation then mean only the term of probation that's actually imposed? I'm trying to think of what a term of ‑‑ is there ever a case where there's a term of probation that's not actually? I mean, I'm just not sure what the ‑‑ Yeah. I actually found a couple of cases from different circuits finding that there was some ambiguity in sentences and that they found that the term of probation, that the phrase term of probation included only the time actually served on probation even if something larger was ‑‑ sometimes courts get sort of an open‑ended. You're going to serve on probation until such an event occurs. Oh, I see. And the court said it's going to be the actual ‑‑ it'll be the actual time. Actually, the circuits have split on that question. That's why I asked. I see. I'm sorry. I haven't looked at that myself. I think that, you know, when they talk about sentence of imprisonment refers to the maximum sentence imposed. So if you get five to seven years, the sentence imposed is seven years even if, you know, in state cases where you get out on parole later. So I would think that it would be the maximum imposed regardless of what happens later. For example, I have a Second Circuit case which gave indefinite probation under Vermont law, and the Second Circuit held that that would not constitute a period of probation of at least a year. Oh, my goodness. Even though it was indefinite. And that seems to be contrary to a couple of other circuits that said, you know, it's going to be the actual period. Yeah. I would think so, too. I'm sorry I'm not familiar with those cases. I can follow up on what Judge Bybee is talking about here. You've indicated that in the juxtaposition of Hernandez, Hernandez, and Williams, that the government concedes that it leads to an absurd result. I mentioned earlier, I asked your opposing counsel whether she thought that in this context that the guidelines were ambiguous. Does the government agree that it's ambiguous? Actually, I would say no. And the reason I would say no, in terms of the rule of lenity, my understanding of the rule of lenity is that once the court, if after the court has looked at every mode, every possibility of analysis, and at the end of the day simply cannot, I mean, if it's inherently ambiguous after all of the tools are brought to bear, then the rule of lenity would apply. And our position is that once you look at the whole thing as a whole, you look at the application notes, you can come to the conclusion that in this, at least in the context of this guideline, term of imprisonment and sentence of imprisonment are used interchangeably. You don't need to get to the ultimate. How about the recidivism issue that I mentioned earlier? It seems like, at least with the more onerous construction, that you're penalizing people who the trial court views to be less dangerous or less likely to repeat the offense. Does the government agree that there is a policy argument in favor of the Hernandez-Hernandez approach as opposed to the Williams approach? Yes, absolutely. And that's, I mean, and that is why, you know, that's why we say if you look at these two together, the reason that the result is absurd is because, you know, there is an assumption that those who are given lengthier sentences, those who are given lengthier probations are given those sentences because they are at greater risk, they're at greater risk for recidivism or more deserving of punishment than those with lesser. Can I ask a question that would help me a little? Is the reason for the anomaly between Hernandez and Williams the time served? I think that what Hernandez-Hernandez was doing, because it was a partially, you know, there's this guideline that says if part of the sentence is suspended, you only count the non-suspended part. Yeah. And, you know, and Hernandez-Hernandez had a case where part of the sentence was suspended, and so it was clear as day that that's the guideline that they looked at to do the, to figure out what the sentence of imprisonment was. Because at Williams it was totally suspended. I think, you know, the guideline is not a model of clarity, and what it should say is you only count the non-suspended. You know, when trying to determine what the sentence of imprisonment is, you look at the non-suspended portion of the sentence. Is your suggestion to the Sentencing Commission that it will include B-2 so that it doesn't refer to parts? Because what it really seems to say is if all or part of the sentence of imprisonment was suspended. I mean, that's your position, right? Yes, yes, right. Is that part of your suggestion? It actually, it wasn't in the conversation that I had last week, but as they look at this, I mean, he is testifying. I think it's actually as we speak. Because that's the other glitch here is that it talks about parts of sentences but not all the sentences. Yeah. Well, I'm sorry. So if, I mean, clearly if the judge imposes a sentence that is a year but he'll only serve six months and then the rest of it is suspended, that's pretty clear. Yes. If the judge imposes a sentence of six months but then gives credit for time served so that the only serve, they serve less than that, what do you do with that? Well, if they, I mean, the time served portion would be counted on the, I mean, so if they've already been in jail for ten days and the judge gives, you know, 30 days with credit for time served so they serve 20 more, is that what you're saying? I mean, the sentence is 30 days. The fact that they'd already served ten of them. That's irrelevant in your analysis. Yeah, that would not. I mean, it would still be a sentence of 30 days under our view. Ms. Olson, isn't your acknowledgment that the guidelines are, I think in your words, not a model of clarity, just another way of saying that it's a little ambiguous? It's a little ambiguous. I don't think that after this Court brings to bear all the tools of analysis that it has, I don't think it needs to conclude at the end that there's no way to know, and so you have to go to the rule of lenity. I mean, I really do. The rule of lenity, you know, we do view as the last, you know, the last. This is, after all, a criminal context we're dealing with here. Yes. And should the defendant and the defendant's lawyer have to be legal Houdinis to be able to figure out what this means? The very fact that we are here dealing with this language suggests, does it not, that there is ambiguity? There is. It's not a model of clarity. It is not a model of clarity and there is ambiguity, but, you know, our position is that, you know, we can all look at it together as a group in the whole and look at the comments and the application notes and the policy considerations and the history of it and figure out. If you'd like us to follow Hernandez-Hernandez but not follow the rule of lenity in getting there. Exactly. Only because you don't like the rule of lenity very much. Well, only because we don't think that's necessary. I mean, that's sort of a last resort and we just don't feel like you need to actually take it. I think you don't want us to expand on the application of the rule of lenity. I don't think it's necessary in this case. Unless the Court has any other questions. Thank you. Thank you. I just have a few quick comments. The Williams decision in counting or in adding to a criminal history score one point for a prior conviction in which the sentence was totally suspended comes up in this context to add 11 months to the bottom end of the guideline range, but it has also been known to disqualify somebody from safety valve, which can be a much more severe sanction. So this is an important, excuse me, an important issue. Judge Biney mentioned, I believe, is there ever a time when a term of probation is different from the actual time served? We actually have a case that we're dealing with in district court right now where the defendant received a one-year term of probation, but six months down the line he was violated on that, given a 10-day sentence, and then probation was ended. So the question is, when the sentence was imposed, it was a one-year term, but after six months probation ended, that will be an issue. I don't know how far up we'll make it on that. But in the example that was given, i.e., an infinite term, I mean, one could simply read the sentence literally and it says a term of probation at least one year. If it's infinite, it isn't necessarily at least one year. It could be less than one year. And so even when imposed, it wasn't a term of probation for at least one year. Right. Right. And I don't think that's an issue before this Court right now, but it is an interesting. The other comment that I would make is Hernandez-Hernandez does have a problem with it because it did say that a three-day sentence was not a prior sentence, and that is wrong. And it needs to be clarified. A three-day sentence is a prior sentence. It's just excluded before a 1.2. So that part of Hernandez-Hernandez needs to be clarified because we are dealing with terms of art here. So with that, Your Honor, I would submit the case. Thank you. Thank you, counsel. The matter just argued is submitted for decision. That concludes the Court's argument for this session. The Court stands adjourned.
judges: Schroeder, Pregerson, Hawkins, Thomas, McKeown, Wardlaw, W Fletcher, Gould, Paez, Berzon, Rawlinson, Bybee, Bea, Smith, Ikuta